**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KARTIK KALIA,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-1965** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG LOWE,** | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the Court is Kartik Kalia's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **DENIED**.

## I. BACKGROUND

Petitioner is a citizen and native of India. (Doc. 8-2 at 2). On December 10, 2022, Petitioner entered the United States at EWR International Airport in Newark, New Jersey, as a conditional CR1 resident. *Id.* at 3. On December 9, 2024, Petitioner filed an I-751 Petition to Remove Conditions on Residence ("I-751"), which he subsequently withdrew on June 18, 2025. *Id.* Thereafter, Petitioner filed another I-751 on July 8, 2025, which remains pending. *Id.*

On February 3, 2024, Petitioner was arrested by the Bethlehem Township (Pennsylvania) Police Department for simple assault and

harassment against his spouse. *Id.* at 4. On June 3, 2025, Petitioner pleaded guilty to the simple assault charge. *Id.* He was sentenced to a minimum of three months and a maximum of twenty-three months of confinement. *Id.*

On May 8, 2024, Petitioner was arrested by the Northampton County (Pennsylvania) Sheriff's Department and charged with violating a protection from abuse ("PFA") order. *Id.* He was later found guilty of contempt of the PFA. *Id.* On November 18, 2024, Petitioner was arrested by the Bethlehem Township (Pennsylvania) Police Department and charged with harassment – communication, lewd, threatening, etc. *Id.* On September 25, 2025, Petitioner pleaded guilty to harassment, and was sentenced to ninety days of probation. *Id.*

On March 10, 2026, Pike Enforcement and Removal Operations ("ERO") officers encountered Petitioner during an operation to locate him at Northampton County Adult Probation in Easton, Pennsylvania. *Id.* at 3. Petitioner was then taken into ICE custody and transported to Pike ERO to be processed. *Id.* at 4. Petitioner was charged as removable pursuant to Immigration and Nationality Act ("INA") §237(a)(2)(E)(ii), and given a Notice to Appear ("NTA") before an immigration judge. *Id.*

On April 13, 2026, Petitioner had a custody redetermination hearing, whereby Immigration Judge Leo Finston denied bond, finding that Petitioner

presents as a danger to persons. (Doc. 8-4). On May 20, 2026, Immigration Judge Lory Brown found Petitioner removable, denied Petitioner's request for cancellation of removal, and ordered Petitioner removed to India. (Doc. 8-5). On June 22, 2026, Petitioner filed an appeal from Judge Brown's decision, which remains pending. *See* EOIR Automated Case Information, Alien No. 068-324-934, India (last accessed Aug. 27, 2026).

Petitioner is currently detained at the Pike County Correctional Facility. (Doc. 1). He filed the instant petition on July 14, 2026. *Id.* Respondent filed his response on August 4, 2026. (Doc. 8). Petitioner filed a traverse on August 21, 2026. (Doc. 9). The petition is now ripe for disposition.

## II. DISCUSSION

Petitioner disputes the legality of his detention by challenging the outcome of his bond hearing, arguing that Judge Finston did not consider his "arguments and evidence[.]" (Doc. 1, at 5). Upon review of the petition, the Court holds that Petitioner is asking it to review matters beyond the scope of its jurisdiction. Accordingly, the petition must be denied.

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the

Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances. *See*, *e.g.*, 8 U.S.C. §1226(e).

Though Respondent does not explicitly say so, it is clear that Petitioner was detained pursuant to 8 U.S.C. §1226(a). (Doc. 8 at 11) ("[Petitioner] is being held pursuant to statutory and discretionary authority. Moreover, he is being offered an opportunity to contest his authority."). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

Relevant here, "[t]he Attorney General's discretionary judgment regarding the application of [§1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e); *see also White v. Lowe*, No. 1:25-CV-2431, 2026 WL 777425 at *3 (Mar. 19, 2026).

Here, Petitioner was given a bond hearing in April of 2026. (Doc. 8-4). Petitioner was denied release after Judge Finston determined that he was a danger. *Id.* Any "relief the [C]ourt could grant would require the [C]ourt to either order an immigration judge to conduct a second bond hearing or conduct a second bond hearing on its own. Such a decision would amount to 'setting aside' the immigration judge's denial of bond, which is clearly barred by [§1226(e)]." *White*, 2026 WL 777425, at *3. Moreover, Judge Finston's determination is appealable to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§1003.1(b)(7), 1003.19(f).

Because the petition seeks judicial review of the Attorney General's discretionary application of §1226, this Court is without jurisdiction to evaluate the merits of Judge Finston's decision. Therefore, the petition must be denied.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (**Doc. 1**), will be **DENIED**. An appropriate order shall follow.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/31/26
26-1965-01